Curia.

There can be no doubt that the verdict is right. The jury were satisfied, by proper evidence, that the defendant had no property in the note which he has claimed to set off; so that, if he had brought his claim within our statutes of set-off in point of form, he would have failed for want of property in the note.
If the defendant had elected to take this note to himself, even when in Archangel, the circumstances under which he would have done it would have defeated his claim against the assignees of Goodwin 8f Whiting. He received notice of their failure, and of the assignment of this demand to the trustees of their creditors, at the same time that he received the note from Roberts, with a request to secure the balance in his hands. Now, to have purchased the note, *173 * having no personal interest in the transaction but that [*195] of aiding Roberts, would have been fraudulent against the creditors of Goodwin & Whiting; and he could not have availed himself of the purchase.†
No sufficient objection has been shown to the assignment by Goodwin & Whiting ; and, if there had been, still, the plaintiff, being the surviving partner, would maintain this action for the money due from the defendant.‡

Judgment according to the verdict.

 [See Rev. Stat c. 96, § 10. — Ed.]

 Greene vs. Hatch, infra. — Jones vs Witter, 14 Mass. Rep. 304. — Jenkins vs. Brewster, 14 Mass. Rep. 291. — Holland vs. Makepeace, 8 Mass. Rep. 418. — Sargent vs. Southgate, 5 Pick. 313. — Braynard vs. Fisher, 6 Pick 355. — Hallowell and Augusta Bank vs. Howard et al, 13 Mass. Rep. 235. — Gardiner vs. Corson, 15 Mass. Rep. 504